UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Craig Otis Gibson, Jr., | Case No. 2:23-cv-00851-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Sheriff Kevin McMahill; Corrections Officer Famini, | |
| Defendant. | |

Defendants move for leave under Federal Rule of Civil Procedure 30(a)(2)(B) to take the deposition of Plaintiff, who is incarcerated at the Clark County Detention Center. (ECF No. 36). No party responded to the motion. Because the Court finds that Defendants have demonstrated relevance and because no party has responded to the motion[1] to take a deposition, the Court grants it.

Under Federal Rule of Civil Procedure 30(a)(2)(B) a party seeking to depose a witness in custody must obtain leave of court. "The Court 'must grant leave to the extent consistent with Rule 26(b)(1) [defining the scope of relevant discovery] and (2) [granting the Court discretion to limit discovery under some circumstances].'" *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at \*3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)). "The circumstances addressed in Rule 26(b)(2) are (1) whether the discovery is

---

[1] On September 24, 2024, Plaintiff filed a notice explaining that he did not receive Defendants' motion to extend discovery deadlines. (ECF No. 41). To the extent that Plaintiff asks that the Court reconsider its decision granting that motion, the Court declines to do so, especially because Plaintiff has not identified any reason for the Court to do so and has not moved for that relief. *See Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (explaining that "a motion for reconsideration should not be granted, absent highly unusual circumstances."). Additionally, the Court has not received any indication that Plaintiff's mail has been returned.

cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Id.* "Other courts considering motions to depose incarcerated persons under Rule 30(a)(2)(B) have considered whether the requested deposition[:] (1) is relevant and proportional to the needs of the case per Rule 26(b)(1)[;] and (2) implicates any of the concerns listed in Rule 26(b)(2)." *Id.* (citing *Becker v. OSB Inv., LLC*, No. 2:19-mc-00032-MWF, 2019 WL 12381108, at *1-2 (C.D. Cal. Apr. 5, 2019) and *Griffin v. Johnson*, No. 1:13-cv-01599, 2016 WL 4764670, at *1-2 (E.D. Cal. Sep. 12, 2016)). Under Local Rule 7-2(d), the failure of a party to respond to a motion constitutes consent to the granting of the motion.

The Court grants Defendants' motion to depose Plaintiff. Defendants explain that Plaintiff's deposition is necessary to the preparation of their defense because it will allow the Defendants a better understanding of Plaintiff's factual allegations. The Court finds that Defendants have demonstrated that the discovery they seek is relevant and does not find that their proposed deposition implicates the concerns outlined in Rule 26(b)(2). Additionally, Plaintiff has not responded to the motion, constituting his consent to the Court granting it.

**IT IS THEREFORE ORDERED** that Defendants' motion for leave to depose Plaintiff (ECF No. 36) is **granted.** The Clark County Detention Center shall allow for the remote deposition of Craig Otis Gibson, Inmate No. 2804401 at a date and time that is mutually convenient for the parties and the prison. Counsel for Defendants must contact the Clark County Detention Center to schedule the depositions. The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: September 30, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE