UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Craig Otis Gibson, Jr.,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Sheriff Kevin McMahill, et al.,<br><br>　　　　　　Defendants | Case No. 2:23-cv-00851-CDS-DJA<br><br>**Order Overruling Plaintiff's Objection and Affirming Magistrate Judge's Order**<br><br>[ECF Nos. 44, 47] |

　　　　This is a civil rights action brought by pro se plaintiff Craig Otis Gibson, Jr., who is currently incarcerated at High Desert State Prison. On October 30, 2024, Gibson filed an objection (ECF No. 47) to Magistrate Judge Daniel J. Albregts's order (ECF No. 44) denying Gibson's motion to extend time to respond to defendants' motion to depose (ECF No. 36). The motion to depose Gibson was filed on September 13, 2024. Any opposition to that motion was due on or before September 27, 2024. *See* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to the motion, other than one for summary judgment, is fourteen days after service of the motion.). Gibson did not file a timely opposition, so the motion was granted on September 30, 2024. Order, ECF No. 42. On October 9, 2024, Gibson filed a motion to extend time to file his opposition to the motion to depose, which the magistrate judge denied. ECF No. 44. On October 15, 2024, Gibson filed an untimely opposition to the already-granted motion to depose. ECF No. 45. Gibson then filed the pending objection. ECF No. 47.

　　　　Magistrate judges are authorized to resolve non-dispositive pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3–1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas

the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g., Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209 (D. Nev. 2017) (quotation omitted). Further, a magistrate judge's pretrial order issued pursuant to 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241 (internal citation omitted).

Liberally construing Gibson's arguments, he claims that he is being denied access to the courts, and that he needs an attorney so he can better litigate this action. ECF No. 47 at 2–3. But neither of those issues are before the court, nor do they demonstrate that Judge Albregts's order was clearly erroneous or contrary to the law. And although I was not required to, I reviewed Gibson's untimely opposition to the motion to depose. ECF No. 45. Therein, he cites to Federal Rule of Civil Procedure 30(b)(6) to argue that defendants' motion to depose was deficient. ECF No. 45 at 3. But subsection (b)(6) of Rule 30 does not apply to Gibson, it applies to public or private corporations, a partnership, an association, a governmental agency, or other entity. Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.") Therefore, Gibson's objection is overruled, and I affirm Judge Albregts's order in full.

IT IS THEREFORE ORDERED that Gibson's objection **[ECF No. 47] is overruled**. Judge Albregts's order **[ECF No. 44] is affirmed in full**.

Dated: December 20, 2024

_____
Cristina D. Silva
United States District Judge