UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Craig Otis Gibson, Jr.,

    Plaintiff

v.

Sheriff Kevin McMahill, et al.,

    Defendants

Case No. 2:23-cv-00851-CDS-DJA

**Order Denying Plaintiff's Appeal and Affirming Magistrate Judge's Order**

[ECF No. 79, 81]

    Plaintiff Craig Otis Gibson, Jr. moved for an order compelling responses to his written discovery requests (Mot., ECF No. 51), but United States Magistrate Judge Daniel Albregts denied the motion finding that Gibson did not comply with the meet and confer mandate (Order, ECF No. 79). Gibson appealed Judge Albregts's order by filing a written objection, and the defendants responded. Obj., ECF No. 81; Resp., ECF No. 82. Because I find that Judge Albregts's order is neither clearly erroneous nor contrary to law, Gibson's appeal is denied.

I.     Legal standard

    Magistrate judges are authorized to resolve non-dispositive pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3–1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g., Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law

when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209 (D. Nev. 2017) (quotation omitted). Further, a magistrate judge's pretrial order issued pursuant to 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241 (internal citation omitted).

II.     Discussion

In his objection, Gibson argues that he did seek to confer, or attempted to confer, before filing the motion. ECF No. 81 at 3–4. Gibson further asserts that his motion was accompanied by a certification that he, in good faith, attempted to confer with the defendants. *Id.* at 4. The defendants contend that because Gibson has not demonstrated that the parties met and conferred before he moved to compel discovery, Judge Albregts's order is not clearly erroneous. ECF No. 82 at 2–3.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that a motion compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, under Local Rule 26-6(c), discovery motions will not be considered unless the movant has made a good-faith effort to meet and confer as defined in LR IA 1-3(f)[1] before filing the motion. As a prisoner, Gibson is exempt from the "face-to-face" requirement of LR IA 1-3(f) and can satisfy the requirement through written communication. LR IA 1-3(f)(1).

Gibson's motion to compel does include a "certificate of conference" certifying that he "confer[r]ed and/or attempted to confer" with the defendants "through correspondence. . ." ECF No. 51 at 12. To support his certification, Gibson provides as exhibits (1) his first request of production of documents, (2) his request for defendants to amend or supplement their disclosure and

---

[1] Under this rule, meet and confer is defined to mean "to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f).

2

documents, (3) his response to defendants' request for extension of time, and (4) his second request to meet and confer. ECF Nos. 50, 52–54. In Gibson's second request to meet and confer, he states: "Plaintiffs correspondence constitutes as a meet and confer although Plaintiff advised Defendant he may set a video meet and confer conference through CCDC, or visit [CCDC]." ECF No. 54 at 1. Although the meet-and-confer requirement applies to both parties,[2] I find these documents insufficient to constitute a good-faith effort to meet and confer. Neither Gibson's certification nor his supporting documents reflect a meeting of the parties or any fruitful attempts to resolve the discovery dispute—mainly because it appears that Gibson's communications consisted of one-sided demands. Moreover, Gibson denied the defendants' request for more time to respond to his first request for production of documents. ECF No. 53 at 1. And "[a] threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Gibson also objects that Judge Albregts did not address his request to extend the discovery deadline. ECF No. 81 at 4. The defendants argue that the issue is moot because the discovery deadline was subsequently extended. ECF No. 82 at 4–5. There is no evidence this made Judge Albregts's order clearly erroneous or contrary to law.

I agree with Judge Albregts's conclusion that Gibson has not complied with the procedural requirements governing motions to compel disclosure or discovery and there has not been a sufficient meet-and-confer regarding this discovery dispute. Therefore, because I find that Judge Albregts's order as to the denial of the motion to compel is neither clearly erroneous nor contrary to law, it is affirmed.

---

[2] *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, 2020 U.S. Dist. LEXIS 191754, *4 (D. Nev. Oct. 16, 2020).

III.     Conclusion

IT IS THEREFORE ORDERED that Gibson's appeal **[ECF No. 81] is denied**. Judge Albregts's order **[ECF No. 79] is affirmed in full**, as it relates to the motion to compel discovery.

Dated: March 3, 2025

_____
Cristina D. Silva
United States District Judge