UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Craig Otis Gibson, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Sheriff Kevin McMahill; et al., <br><br> Defendants. | Case No. 2:23-cv-00851-CDS-DJA <br><br> **Order** |

Before the Court is pro se Plaintiff Craig Otis Gibson, Jr.'s motion to amend his complaint (ECF No. 85) and motion to extend discovery (ECF No. 94). Because the Court finds that Plaintiff has not shown diligence sufficient to warrant his late amended complaint, the Court denies his motion to amend without prejudice. Because the Court finds that Plaintiff has shown excusable neglect sufficient to extend discovery, but only in a very limited capacity, the Court grants in part and denies in part his motion to extend the discovery deadlines.

**I.      Motion to amend.**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."

Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Plaintiff filed his motion for leave to amend on April 11, 2025, after the November 20, 2024, deadline to do so passed. (ECF No. 40). While he asserts that he seeks to amend his complaint in part to add certain defendants whose identity he learned through discovery, he does not explain when he learned these defendants' identities. Additionally, although Plaintiff believed that the Court's last order extending discovery deadlines also extended the amendment deadline, that order clearly did not. (ECF No. 80). Because Plaintiff has provided no reason why the Court should reopen the deadline to amend pleadings and add parties, the Court cannot determine whether he has acted diligently and so, denies his motion to amend without prejudice.

**II.      Motion to extend time.**

Plaintiff filed his motion to extend and reopen discovery deadlines on June 25, 2025, after all of the discovery deadlines had passed. (ECF Nos. 80, 94). Plaintiff moves to reopen all of the deadlines, arguing that his May 5, 2025, transfer to High Desert State Prison prevented him from filing documents because he did not have paper or pens for thirty days. He adds that he received certain discovery response supplements from Defendant Corrections Officer Fanimi after the May 19, 2025, cutoff and wishes to meet and confer with the Defendants about deficiencies in that discovery.

Defendants oppose Plaintiff's motion. (ECF No. 95). They point out that, although Plaintiff asserts that he did not have legal materials for thirty days following his transfer, Plaintiff was able to file a notice of change of address and a letter with the Court less than thirty days after that transfer. (ECF Nos. 88, 89). Defendants also assert that a reopening of discovery would

prejudice them because they have already filed their motion for summary judgment. Defendants do not address Fanimi's discovery responses.

When a party seeks to reopen a discovery deadline, that party must show excusable neglect. *See* Local Rule 26-3. Here, the Court finds that Plaintiff has shown excusable neglect, but only for the limited purpose of extending the discovery deadline so that Plaintiff may meet and confer with Defendants regarding Fanimi's supplemental responses to Plaintiff's requests for production. Plaintiff has not shown excusable neglect to warrant opening any other discovery deadlines.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 85) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 94) is **granted in part and denied in part.** It is granted in part **only** to the extent that the Court provides Plaintiff until **September 22, 2025**, to meet and confer with Fanimi and address the allegedly deficient discovery. It is denied in all other respects.

DATED: August 22, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE