UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Craig Otis Gibson, Jr., | Case No. 2:23-cv-00851-CDS-DJA |
| Plaintiff | **Order Granting in Part the Motion for Summary Judgment, Denying the Motion for Leave, Granting the Motion to Reopen Discovery, Granting the Motion to Extend Copy Work, and Dismissing as Moot the Motions to Strike, the Objections to the Magistrate Judge's Order, and the Motion to File a Sur-reply** |
| v. | |
| Kevin McMahill, et al., | |
| Defendants | |
| | [ECF Nos. 90, 100, 101, 104, 108, 110, 112, 114] |

On March 9, 2026, this court held a hearing on the motions pending in plaintiff Craig Otis Gibson's 42 U.S.C. § 1983 case.[1] At the conclusion of the hearing, I ruled on several motions.[2] As relevant here, I granted Gibson leave to amend the complaint to file a second amended complaint. To provide clarity to my decision allowing Gibson leave to amend, I summarize my ruling as follows. The defendants' motion for summary judgment **[ECF No. 90] is granted in part and denied in part**. It is granted with respect to the First Amendment claim brought against defendant McMahill in his official capacity, but it is denied with respect to the Fourteenth Amendment claim. This means McMahill is dismissed with prejudice in his official capacity only.

Further, I grant Gibson leave to amend his complaint in accordance with the following parameters:

- The amended complaint must be titled "Second Amended Complaint."
- The Second Amended Complaint may only claim violations of the First Amendment's Free Exercise Clause and the Fourteenth Amendment's Due Process Clause.

---

[1] I incorporate by reference the findings of fact and conclusions of law made at that hearing. *See* Mins. of proceeds., ECF No. 121.

[2] The motions I resolved included ECF Nos. 90, 100, 101, 104, 108, 110, 112, 114.

- The Second Amended Complaint may only name the following defendants in their personal capacity: C/O Fanimi; Sherriff Kevin McMahill; and Doe Defendants #1, #2, #3, #4, #5, and #7.
- The Second Amended Complaint's factual allegations must be limited to the events occurring around March and April of 2023, as alleged in the original complaint.
- The Second Amended Complaint must be filed on or before March 30, 2026.
- The Second Amended Complaint must be sufficient on its own, without incorporating prior filings.[3]

The parties are ordered to meet for a settlement conference after the March 30th deadline passes. This matter is referred to the magistrate judge accordingly.

Should settlement prove unsuccessful, the parties are ordered to meet and confer regarding an amended scheduling order that sets forth extended discovery and motions deadlines.

Dated: March 9, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] Gibson is reminded that an amended complaint replaces the original complaint, so the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means that the second amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, including the claim that I allowed to proceed at stated during the March 9, 2026 hearing and in this order.